1  Timothy B. Yoo - State Bar No. 254332
      tyoo@birdmarella.com
2  Heejin H. Hwang - State Bar No. 349455
      hhwang@birdmarella.com
3  BIRD, MARELLA, RHOW,
   LINCENBERG, DROOKS & NESSIM, LLP
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   Attorneys for Applicants HYBE Co. Ltd. and
7  BELIFT LAB Inc.

8
                   UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10

| | |
|---|---|
| In Re *Ex Parte* Application of HYBE Co., Ltd. and BELIFT LAB Inc., <br><br> Applicants. | CASE NO. <br><br> ***EX PARTE* APPLICATION FOR ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 FILED BY HYBE CO., LTD. AND BELIFT LAB INC.; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Filed Concurrently with: <br><br> (1) Declaration of Sun Jin Lee; <br> (2) Declaration of Kyong-Tae Paek; <br> (3) Proposed Subpoena; and <br> (4) [Proposed] Order |

4073778.3

*EX PARTE* APPLICATION FOR ORDER AUTHORIZING DISCOVERY PURSUANT TO 28 U.S.C. § 1782

## *EX PARTE* APPLICATION

Applicants, HYBE Co., Ltd. ("HYBE") and BELIFT LAB Inc. ("BELIFT LAB") (collectively, "Applicants"), apply *ex parte* for an order authorizing limited discovery for use in civil litigation in the Republic of Korea ("South Korea") pursuant to 28 U.S.C. § 1782 ("Application"). Applicants request that the Court authorize the issuance of the proposed subpoena appended as Exhibit A ("Subpoena") to this Application. The Subpoena seeks limited discovery from X Corp. ("X") that is necessary to identify the owner(s)/user(s) of the X account, @webelieveinbots—a defendant in a civil lawsuit that was filed in South Korea by Applicants.

This Application is supported by the accompanying Memorandum of Points and Authorities, declarations of Sun Jin Lee and Kyong-Tae Paek and all exhibits thereto, the Subpoena, the Proposed Order, and all matters upon which judicial notice may be taken. This Application does not require notice to X, pursuant to L.R. 7-10 of the Civil Local Rules of the United States District Court for the Northern District of California.

DATED:  August 19, 2025        Timothy B. Yoo
                               Heejin H. Hwang
                               Bird, Marella, Rhow,
                               Lincenberg, Drooks & Nessim, LLP


                        By:    _____*/s/ Timothy B. Yoo*_____
                               Timothy B. Yoo
                               Attorneys for Applicants HYBE Co., Ltd. and
                               BELIFT LAB Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

HYBE Co., Ltd. ("HYBE") and BELIFT LAB Inc. ("BELIFT LAB") (collectively, "Applicants") request the Court's assistance to identify the anonymous user of an X (formerly Twitter) account under the display name "webelieveingwarosa" and username @webelieveinbots (the "Account").  Since March 2025, this Account has repeatedly posted defamatory and false statements against Applicants and has posted approximately 3,063 tweets to date.  Among other things, the statements falsely accuse Applicants of pressuring its artists to participate in political events, mistreating its artists and executives, deleting evidence, violating internal policies, and covering up abuse.  These statements have harmed HYBE and its subsidiary BELIFT LAB.

On August 8, 2025, Applicants initiated a civil lawsuit against the user of the Account in South Korea (the "Korean Lawsuit").  On information and belief, the Account's user is likely Korean and must be identified so that Applicants can prosecute the Korean Lawsuit.  Applicants, however, cannot request account information from X in South Korea, as X resides outside of the jurisdiction of the South Korean courts.  Applicants thus file this Application pursuant to 28 U.S.C. § 1782(a), seeking this Court's authorization to serve the Subpoena on X for limited discovery that would enable Applicants to identify the user(s) of the @webelieveinbots X account.

The Court can grant the Application because Applicants have satisfied the three statutory requirements of Section 1782(a):  (1) X maintains two offices within the Northern District of California, such that X is found in this district; (2) information obtained through Applicants' Subpoena will be used to identify the defendant(s) to Applicants' Korean Lawsuit; and (3) Applicants are interested persons because they are plaintiffs in the Korean Lawsuit.

The Court should further exercise its discretion to authorize the Subpoena because all four factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) support its issuance.  X is not a participant in the Korean Lawsuit; the presiding court in South Korea will likely receive evidence obtained through the Subpoena; Applicants do not seek to circumvent foreign proof-gathering restrictions or the policies of the United States; and the Subpoena is narrowly tailored to identify the defendant(s), which is not unduly intrusive or burdensome.

Accordingly, Applicants respectfully request that the Court grant the Application and issue an order that authorizes Applicants to serve the appended Subpoena on X.

## II.     RELEVANT BACKGROUND

### A.     Applicants

HYBE is an entertainment company based in South Korea.  (Declaration of Sun Jin Lee ("Lee Declaration"), ¶ 2.)  BELIFT LAB is a subsidiary label under HYBE and wholly owned by HYBE.  (*Id.* at ¶ 3.)  HYBE and BELIFT LAB are engaged in the entertainment business and, among other things, manage and train singers and musicians performing in the globally popular K-pop genre.  (*Id.* at ¶ 4.)  HYBE and BELIFT LAB use social media to cultivate audiences for the artists and performers they represent and use the resulting fan engagement and interest into sales, fandom energy, and artist-related content.  (*Id.* at ¶ 5.)  Statements made on social media platforms, such as X, or elsewhere on the internet can thus dramatically affect HYBE's business and reputation.  (*Id.*)

### B.     The Subpoenaed Entity

X is a Nevada corporation headquartered in Bastrop, Texas.  (Declaration of Kyong-Tae Paek ("Paek Declaration"), ¶ 5.)  Upon information and belief, X maintains offices in San Jose and Palo Alto, California.  (*Id.* at ¶ 6.)  X falls outside the jurisdiction of the courts of South Korea.  (*Id.* at ¶ 5.)

### C.     The Korean Lawsuit

On August 8, 2025, Applicants filed a civil lawsuit for defamation and harassment in South Korea against the anonymous user of an X account under the username @webelieveinbots.  (Paek Decl., ¶ 3; *id.*, Ex. 1.)  As described in Applicants' complaint, the statements by the user @webelievebots on the Account falsely accuse Applicants of pressuring its artists to participate in political events, mistreating its artists and executives, deleting evidence, violating internal policies, and covering up abuse.  (*Id.*, Ex. 1; Lee Decl., ¶¶ 8–9.)  These statements have harmed Applicants.  (Lee Decl., ¶ 9.)  Applicants seek to hold those responsible accountable and to recover damages through the Korean Lawsuit.

### D. Applicants' Proposed Subpoena and the Instant Application

Through this Application, Applicants request that the Court authorize it to conduct limited discovery by serving the Subpoena on X.  The Subpoena seeks information that will allow Applicants to ascertain the true identity of the owner(s) and user(s) of the Account.  Specifically, the Subpoena requests two categories of documents:  (1) documents sufficient to identify the account identifier(s), creation date(s), access logs, name(s), date(s) of birth, email address(es), and other contact information of "the person(s) who created, used, and/or otherwise logged into" the X Account; and (2) documents sufficient to identify the name(s), date(s) of birth, email address(es), and other contact information of "the person(s) associated with credit card(s), bank account(s), and/or other electronic commerce details registered with" the X Account.  The latter request specifically states that it "does not seek the actual credit card numbers, bank account numbers, or the electronic commerce account numbers or passwords" and "does not seek any financial transaction information."  (*See* Subpoena, Appl., Ex. A.)  Because such information will allow Applicants to identify the defendant(s) for the Korean Lawsuit, the Court should permit the requested discovery.

## III. LEGAL STANDARD

Section 1782(a) authorizes a district court to order a person "resid[ing] or "found" in that district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, . . . upon the application of any interested person." 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 246.  There are three statutory requirements:  "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Once an applicant satisfies these three requirements, a district court has "substantial discretion" to permit the requested discovery.  *Id.* at 926.  A court can exercise its discretion to grant an application under Section 1782(a) after weighing four factors set forth by the U.S.

Supreme Court in *Intel Corp.*: "(1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023).

As discussed below, this Application satisfies the three statutory requirements of Section 1782(a). Further, because all four *Intel Corp.* factors weigh in favor of permitting the discovery requested in the Subpoena, the Court should grant the Application.

## IV.   THE COURT SHOULD GRANT THE APPLICATION

### A.   *Ex Parte* Relief Is Appropriate for the Application Under Section 1782.

As a preliminary matter, this Application is the proper subject of *ex parte* relief. "It is common for parties to file *ex parte* applications [for an order pursuant to Section 1782], as 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or participate in it.'" *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). Courts thus routinely grant Section 1782(a) applications on an *ex parte* basis. *Id.* at 922, 924. If X believes that Applicants' discovery requests are objectionable after service of the Subpoena, it will have the opportunity to address those issues, including before this Court if necessary.

### B.   Applicants Have Met the Three Statutory Requirements of Section 1782.

First, X is found in the Northern District of California. Upon information and belief, X maintains offices in San Jose and Palo Alto, California. (Paek Decl., ¶ 6.) These in-district offices are sufficient to satisfy the first statutory requirement of Section 1782(a). *See Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that Microsoft was "found" in the Northern District of California based on its operation of two corporate sales offices in Mountain View and San Francisco).

Second, the requested discovery will be used in a proceeding before a foreign tribunal. Applicants filed the Korean Lawsuit against anonymous individual(s), entity, or entities behind the Account. (Paek Decl., ¶ 3.) Applicants will use the requested discovery to identify the user of the Account, which will, in turn, allow Applicants to name the user as a defendant in their complaint. (*Id.* at ¶¶ 5, 7–8.) Thus, Applicants have satisfied the second statutory requirement. *See In re Bleach, Inc.*, No. 24-mc-80021-PCP, 2024 WL 1898450, at *1–2 (N.D. Cal. Apr. 30, 2024) (permitting subpoena on X for personally identifiable information of an anonymous X user, which the applicant intended to use to file a lawsuit against that user in Japan).

Third, HYBE and BELIFT LAB are plaintiffs in the Korean Lawsuit and are interested persons. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]'").

Because Applicants have satisfied the three statutory requirements of Section 1782(a), the Court has the authority to grant the relief sought by the Application.

C. **All Four *Intel Corp.* Factors Support an Order Authorizing the Requested Discovery from X Corp.**

The Court should exercise its discretion to grant the Application because all four factors set forth in *Intel Corp.* further support permitting the requested discovery.

The first factor supports granting the Application, as X is not a "participant in the foreign proceeding," *Intel Corp.*, 542 U.S. at 247, and lies outside the jurisdiction of South Korean courts. (Paek Decl., ¶ 5.) Accordingly, "the need for § 1782(a) aid" to obtain the requested discovery is "apparent." *United States*, 690 F. Supp. 3d at 1019.

The second factor also supports granting the Application because the South Korean court is likely to consider the information requested by the Subpoena. The crux of this factor is "whether the foreign tribunal is willing to consider the information sought." *Id.* at 1020. "[T]his factor weighs in favor of discovery <u>unless the foreign tribunal in question has expressly made it clear that it would not accept the evidence.</u>" *Id.* (emphasis added). Here, South Korean courts have not declared that they would reject evidence obtained through a subpoena in the United States. (Paek Decl., ¶ 9.) Courts in this district have recognized that South Korean courts have not issued a

directive against the use of evidence obtained under Section 1782.  *See In re Starship Entm't*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023).  Given the absence of "authoritative proof" that South Korean courts would reject the discovery requested here, this factor weighs in favor of the Subpoena.  *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016).

The third factor likewise supports granting the Application because Applicants do not seek to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265.  "[A]bsence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under § 1782." *United States*, 690 F. Supp. 3d at 1021.  Here, the declarations of Kyong-Tae Paek and Sun Jin Lee show that the Application is not an attempt to circumvent foreign or U.S. procedures or policies.  Because X is not subject to the jurisdiction of South Korean courts, Applicants must apply to this Court pursuant to Section 1782(a) for the requested information.  (Paek Decl., ¶¶ 5, 7; Lee Decl., ¶¶ 10–12.)  Moreover, Applicants do not intend to use the information requested from X in any criminal proceedings.  (Paek Decl., ¶ 8.)  Therefore, the third *Intel Corp.* factor weighs in Applicants' favor.

Finally, the fourth factor supports granting the Application because the Subpoenas are not "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *United States*, 690 F. Supp. 3d at 1023.  Here, Applicants request information about one X account.  The discovery is for a limited purpose: to ascertain the identity of the defendant(s) for the lawsuit that Applicants filed in South Korea.  (Paek Decl., ¶¶ 5, 7; Lee Decl., ¶¶ 10–12.)  The requests are narrowly tailored to this purpose—the Subpoena does not seek the content of any communications associated with the Account, does not seek sensitive financial information, and only seeks the last ten access logs.  (*See* Subpoena.)  The Subpoena seeks basic identifying and contact information of the user(s) of the X Account, which is not unduly intrusive or burdensome.  *United States*, 690 F. Supp. 3d at 1023.  As Applicants do not request unnecessary information, the final *Intel Corp.* factor weighs

in favor of discovery. *See Starship Entm't*, 2023 WL 3668531, at *4 (finding that requests for "information that is necessary to identify the putative defendants" were "not unduly intrusive or burdensome"); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *5 (N.D. Cal. Aug. 10, 2021) (permitting subpoena that was "narrowly tailor[ed]" to identify users of two accounts).

In sum, all four factors weigh in favor of Applicants' request, and the Court should thus grant the Application.

## V. CONCLUSION

For the foregoing reasons, the Court should grant the Application and enter an order authorizing Applicants to serve the appended Subpoena on X Corp..

DATED:  August 19, 2025

Timothy B. Yoo
Heejin H. Hwang
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By: _____*/s/ Timothy B. Yoo*_____
    Timothy B. Yoo
    Attorneys for Applicants HYBE Co., Ltd. and BELIFT LAB Inc.